Andre Rubin, Esq.
PA ID 205092
Thomas Sullivan, Esq.
PA ID 63541
MARKS & SOKOLOV, LLC
1835 Market Street, Ste. 1717
Philadelphia, PA 19103
215-569-8901
arubin@mslegal.com
tsullivan@mslegal.com

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISCTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE S. MARKS,  Plaintiff, | Civil Action |
| v. | No. |
| Unique Lifestyle Vacations, LLC, Platinum Elite Stays, and Hilton Grand Vacations, Inc., | |
| Defendants. | |

## COMPLAINT

Plaintiff, BRUCE S. MARKS ("**Plaintiff**"), brings this action for damages, statutory damages, interest, court costs, and injunctive relief under rights for the negligent and/or deliberate and knowing tortious activity of Defendants, Unique Lifestyle Vacations, LLC, Platinum Elite Stays, and Hilton Grand Vacations, Inc. (collectively, "**Defendants**"), in repeatedly contacting Plaintiff via his personal cellular telephone to solicit sales for Hilton Grand Vacations in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* and 47 C.F.R. §64.1200(c)(2). Plaintiff complains and alleges as follows:

## INTRODUCTION

**1.** Plaintiff brings this action under the Telephone Consumer Protection Act ("**TCPA**"), 47 U.S.C. §227 *et seq.*, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

1

2. The TCPA is designed to protect consumer privacy by prohibiting unsolicited telemarketing calls to cellular telephones, unless the caller has the "prior express written consent" of the called party.

3. Defendants, directly or through their agents, placed multiple telemarketing sales calls to Plaintiff's personal cellular telephone number for the purposes of soliciting Hilton Grand Vacations ("**HGV**") products and services before and after Plaintiff's cell phone number was placed on the national Do-Not-Call ("**DNC**") registry on November 27, 2018 and after Plaintiff informed Defendants in writing on January 9, 2020 that such calls must stop.

4. Plaintiff never consented to receive any of Defendants' calls.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

6. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b)(2), in that Defendants conduct business in, and a substantial part of the events giving rise to Plaintiff's claims occurred in, this District where Plaintiff resides.

7. This Court has personal jurisdiction over Defendants because they purposefully directed tortious acts (from which Plaintiff's claims arise) at Plaintiff knowing he was a resident of or present in Pennsylvania, thereby causing harm to Plaintiff in Pennsylvania. Defendants further knew that Plaintiff was resident or present in Pennsylvania by the 215 area code of his personal cellular phone.

## PARTIES

8. Plaintiff is an individual adult citizen of the Commonwealth of Pennsylvania residing in Bala Cynwyd, Pennsylvania, who received telephone calls on his private cellular

phone number (215-939-xxxx) as alleged herein.

**9.** Defendant Unique Lifestyle Vacations, Inc. ("**Unique**") is a Florida LLC with a principal business located at 2251 Consulate Dr. Ste. D, Orlando, FL 32837, which transacts and solicits business in Pennsylvania.

**10.** Defendant Platinum Elite Stays ("**Platinum**") is an online travel agency with a principal place of business located at 11951 International Dr., Orlando, FL 32821-7393, which transacts and solicits business in Pennsylvania.

**11.** Defendant Hilton Grand Vacations, Inc. ("**Hilton Grand**") is a corporation incorporated in the State of Delaware and has a principal place of business located at 6355 MetroWest Blvd., Suite 180, Orlando, FL 32835.  Hilton Grand transacts and solicits business in Pennsylvania.

**12.** Upon information and belief, at all relevant times mentioned herein, each Defendant was an agent of Hilton Grand and was acting within the scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts alleged herein as to that Defendant and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts and/or retained the benefits of said wrongful acts.  These allegations as to Defendants Unique, Platinum and Hilton Grand are based on the facts that: (a) calls from Unique and Platinum solicited for Hilton Grand; (b) Unique and/or Platinum referred in calls to Plaintiff having stayed at Hilton-branded properties in the past; (c) Unique and/or Platinum indicating that Plaintiff's phone number was provided to them by Hilton; (d) Hilton Grand would benefit by the sales of products and services resulting from the calls; and (e) Unique and Platinum hold themselves as agents of Hilton Grand by soliciting for Hilton Grand properties.

## BACKGROUND

### The Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 *et seq.*)

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy[.]" TCPA, Pub. L. No. 102-243, §2(5) (1991) (codified at 47 U.S.C. §227). The TCPA is a strict liability statute.

14. The national DNC Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at the registered numbers. *See* 47 C.F.R. §64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the DNC Registry. *See* 47 U.S.C. §227(c); 47 C.F.R. §64.1200(c)(2). The TCPA defines the term "telephone solicitation" as the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person …." 47 U.S.C. §227(a)(4).

16. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system … to any telephone number assigned to a ... cellular telephone service." *See* 47 U.S.C. §227(b)(1)(A)(iii); 47 C.F.R. §64.1200(a)(1)(iii).

17. The TCPA permits a private right of action for each telephone call initiated to a consumer in violation of the Act. 47 U.S.C. §227(c)(5). The TCPA provides $500 in statutory damages to the aggrieved consumer for "each such violation." 47 U.S.C. §227(c)(5)(B). The

TCPA further provides that the "court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times" the available amount – *i.e.*, $1,500 – if the court finds that a defendant "willfully or knowingly" violated the TCPA. 47 U.S.C. §227(c)(5). The TCPA also imposes liability of $1,500 for willful or knowing violation of do-not-call-list requirements. *Id*. A plaintiff can recover statutory damages of $1,500 for willful or knowing violation of automated-call requirements ***and*** $1,500 for willful or knowing violation of do-not-call-list requirements even if both violations occurred in the same telephone call.

18. The Federal Communications Commission ("**FCC**") has recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." FCC's Report and Order, "Rules and Regulations Implementing the [TCPA] of 1991," CG Docket No. 02-278, FCC 03-153, 18 F.C.C. Red. 14014, 14115 ii 165 (2003). Plaintiff received incoming calls from Defendants: (i) while inside the United States as part of his monthly plan; and (ii) while outside the United States for which he incurred additional charges.

## FACTUAL ALLEGATIONS

19. Plaintiff is a personal subscriber of a cellular telephone (215-939-xxxx) through the T-Mobile carrier, which he uses as his personal phone.

20. Defendants use telemarketing to promote HGV products and services.

21. From October 5, 2016 through November 27, 2018 (when Plaintiff registered his cellular phone on the national DNC Registry), based on a review of the incoming calls on Plaintiffs' cellular telephone bills, his memory, and also checking the incoming numbers against those posted on the internet for telemarketing abuse complaints, Plaintiff received between 50 and 100 calls from Defendants. Specifically:

    a. From October 5 through December 31, 2016, Plaintiff received approximately 4 calls from Unique and /or Platinum.

    b. From January 1 through December 31, 2017, Plaintiff received

5

        approximately 20 calls from Unique and/or Platinum.

    c.    From January 1 through November 27, 2018 (DNC registration date), Plaintiff received approximately 30 calls from Unique and/or Platinum.

**22.** From November 27, 2018 (the date of his DNC registration) through the filing of this Complaint, Plaintiff received approximately 44 calls from Unique and/or Platinum, including the following:

| Date/Time | Phone #s Used |
|---|---|
| 11/29/19, 11:18 AM | 949-516-6958 |
| 1/6/20, 10:33 AM | 412-228-4303 |
| 1/6/20, 12:52 PM | 301-235-8875 |
| 1/21/20, 3:35 PM | 301-235-8875 |
| 1/21/20, 3:40 PM | 909-200-2279 |
| 1/24/20, 11:58 AM | 909-200-2279 |
| 2/6/20, 7:55 PM | 949-516-6958 |
| 2/6/20, 5:18 PM | 717-640-3978 |
| 9/16/20, 2:00 PM | 814-551-1890 |

**23.** On January 9, 2020, Plaintiff sent Unique Lifestyle a letter by certified mail that stated: "Effective today . . . your company is to STOP ALL CALLS and TEXT MESSAGES to my cell phone, 215-939-[XXXX]. I do not authorize your contact with my cell phone . . . I have repeatedly requested that these CALLS concerning vacations cease over the past several years."

**24.** Plaintiff repeatedly requested that Defendants stop calling him and that they should add his number to their "Do Not Call" lists so that Defendants' calls to him cease.

**25.** Despite being on the DNC list as of November 27, 2018, despite his January 2020 letter, and despite his repeated demands that Defendants' calls cease, Plaintiff continued to receive calls from Defendants.

**26.** Defendants did not have Plaintiff's prior express written consent to make any of the calls to Plaintiff.

**27.** At no point during any of the calls did Plaintiff provide consent to receive calls from Defendants.

28. Plaintiff has never done any transactions with Defendants and never provided Defendants with his personal cellular telephone number.

29. Plaintiff has stayed at Hilton-branded hotels, which are separate from Hilton Grand Vacations. Upon information and belief, Hilton companies, acting in concert with Hilton Grand, provided Plaintiff's cellular phone number to Defendants.

30. Defendants' calls were placed to Plaintiff's private personal cellular telephone number, as defined and set forth in 47 CFR §64.1200(a)(1)(iii), which number is assigned to a cellular telephone carrier (T-Mobile). Plaintiff incurs a charge from T-Mobile for incoming/outgoing calls, pursuant to 47 U.S.C. § 227(b)(1), under a calling plan with unlimited calls in the United States and with per minute charges for calls outside the United States. Plaintiff uses his cellular telephone for personal purposes, including booking vacations.

31. Defendants' telephone solicitations constituted "calls" under the TCPA and were not "made for emergency purposes," pursuant to the exception provided in 47 CFR §64.1200(a)(1) and 47 U.S.C. §227(b)(1)(A).

32. Upon information and belief, the calls were made by "an automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1): "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." This allegation is based on the facts that: (a) the calls contained commercial content soliciting for Hilton Grand; (b) the calls were made to Plaintiff's cellular phone; (c) the persons soliciting for Hilton Grand seemed to read from a script; (d) there was often a pause after Plaintiff answered his phone – indicating that an auto-dialer was used to call him – and once a live person (Plaintiff) was actually on the line, Defendants' system would connect Plaintiff to the person soliciting for Hilton Grand.

33. Upon information and belief, Defendants had a database of phone numbers of

persons who had previously stayed at Hilton-branded properties and were using the automatic telephone dialing system to randomly call those individuals, including Plaintiff.

34. Defendants intended to, and did, call Plaintiff on his personal cellular telephone because they were soliciting to sell HGV products and services.

35. Defendants failed to establish or implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of 47 U.S.C. §227 and 47 C.F.R. §64.1200.

36. Plaintiff was harmed by Defendants' calls, which improperly invaded his privacy.

## COUNT I

### (Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2))

37. Each paragraph above is incorporated and realleged as though fully set forth herein.

38. Defendants used an automatic telephone dialing system to negligently make telephone solicitations to Marks' cellular phone.

39. Defendants negligently made telephone solicitations to Plaintiff's cellular phone even though he told them to cease making such solicitations.

40. Despite Plaintiff's cellular phone number being registered on the DNC Registry as of November 27, 2018, Defendants negligently made telephone solicitations in violation of 47 U.S.C. §227(c)(3)(F), which "prohibit[s] any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database."

41. Despite Plaintiff's cellular phone number being registered on the DNC Registry as of November 27, 2018, Defendants negligently made telephone solicitations in violation of 47 C.F.R. §64.1200(c)(2), which states that "No person or entity shall initiate any telephone solicitation to … [a] subscriber who has registered his or her telephone number on the national

8

do-not-call registry of persons who do not wish to be receive telephone solicitations that is maintained by the Federal Government."

42. Because Plaintiff received more than one telephone call from Defendants in a 12-month period, he has a private right of action to recover actual damages or receive up to $500 for each violation, whichever is greater, pursuant to 47 U.S.C. §227(c)(5).

43. Hilton Grand is vicariously liable for the actions of the other Defendants.

44. As a result of Defendants' negligent violations of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. §227(c)(3)(F).

45. Pursuant to 47 U.S.C. §227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## COUNT II

### (Knowing and/or Willful Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2))

46. Each paragraph above is incorporated and realleged as though fully set forth herein.

47. Defendants used an automatic telephone dialing system to knowingly and/or willfully make telephone solicitations to Plaintiff's cellular phone even though he told them to cease making such solicitations.

48. Despite Plaintiff's cellular phone number being registered on the DNC Registry as of November 27, 2018, Defendants knowingly and/or willfully made telephone solicitations in violation of 47 U.S.C. §227(c)(3)(F), which "prohibit[s] any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database."

49. Despite Plaintiff's cellular phone number being registered on the DNC Registry as of November 27, 2018, Defendants knowingly and/or willfully made telephone solicitations in

violation of 47 C.F.R. §64.1200(c)(2), which states that "No person or entity shall initiate any telephone solicitation to … [a] subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to be receive telephone solicitations that is maintained by the Federal Government."

50. Because Plaintiff received more than one telephone call from Defendants in a 12-month period he has a private right of action to recover actual damages or receive up to $500 for each violation, whichever is greater, pursuant to 47 U.S.C. §227(c)(5). If the "court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times …." 47 U.S.C. §227(c)(5)(C).

51. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. §227(c)(5).

52. Pursuant to 47 U.S.C. §227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## COUNT III

### (Negligent Violation of the TCPA "Do Not Call List" Requirement, 47 C.F.R. 64.1200(d)(3) and (e))

53. Each paragraph above is incorporated and realleged as though fully set forth herein.

54. Despite Plaintiff's repeated requests that Defendants Unique and Platinum stop calling him and that his number should be added to their "Do Not Call" lists, these Defendants negligently did not honor his requests in violation of 47 C.F.R. §64.1200(d)(3), which states: "If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that

person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made."

55. The numerous phone calls that Plaintiff received from Defendants Unique and Platinum despite Plaintiff's repeated requests that they stop calling him and add his number to their "Do Not Call" lists show that these Defendants negligently did not honor his requests in violation of 47 C.F.R. §64.1200(d)(3), which provides: "Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made" and "[t]his [time] period may not exceed thirty days from the date of such request."

56. Defendant Hilton Grand is liable for the failure of Defendants Unique and Platinum to honor Plaintiff's do-not-call requests, pursuant to 47 C.F.R. §64.1200(d)(3), which provides: "If such requests [not to receive calls] are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request."

57. Further, the "rules set forth in [47 C.F.R. §64.1200(d)] are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the [FCC's] Report and Order …." 47 C.F.R. §64.1200(e).

58. As a result of Defendants' negligent violations of 47 CFR 64.1200(d)(3) and (e), Plaintiff seeks $500.00 in statutory damages for each and every violation, pursuant to the implied private right of action.

## COUNT IV

### (Knowing and/or Willful Violation of the TCPA "Do Not Call List" Requirement, 47 C.F.R. 64.1200(d)(3) and (e))

59. Each paragraph above is incorporated and realleged as though fully set forth

herein.

**60.** Despite Plaintiff's repeated requests that Defendants Unique and Platinum stop calling him and that his number should be added to their "Do Not Call" lists, these Defendants knowingly and/or willfully did not honor his requests in violation of 47 C.F.R. §64.1200(d)(3), which states: "If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made."

**61.** The numerous phone calls that Plaintiff received from Defendants Unique and Platinum despite Plaintiff's repeated requests that they stop calling him and add his number to their "Do Not Call" lists show that these Defendants knowingly and/or willfully did not honor his requests in violation of 47 C.F.R. §64.1200(d)(3), which provides: "Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made" and "[t]his [time] period may not exceed thirty days from the date of such request."

**62.** Defendant Hilton Grand is liable for the failure of Defendants Unique and Platinum to honor Plaintiff's do-not-call requests, pursuant to 47 C.F.R. §64.1200(d)(3), which provides: "If such requests [not to receive calls] are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request."

**63.** Further, the "rules set forth in [47 C.F.R. §64.1200(d)] are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the [FCC's] Report and Order …." 47 C.F.R. §64.1200(e).

**64.** As a result of Defendants' knowing and/or willful violations of 47 CFR 64.1200(d)(3) and (e), Plaintiff seeks treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff seeks relief against Defendants, as follows:**

**1.** $500 for each negligent violation;

**2.** $1,500 for each knowing and/or willful violation;

**3.** Prejudgment interest at the maximum legal rate;

**4.** Injunctive relief to prevent future wrongdoing; and

**5.** All such other and further relief as the Court deems proper.

Dated: October 5, 2020

                                    MARKS & SOKOLOV LLC

By:   */s/ Andre Rubin*
       Andre Rubin, Esq.
       PA ID 205092
       Thomas Sullivan, Esq.
       PA ID 63541
       1835 Market Street, Ste. 1717
       Philadelphia, PA 19103
       215-569-8901
       arubin@mslegal.com
       tsullivan@mslegal.com
       *Attorney for Plaintiff*